UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mohammad Sina CHEHRAZI, | Case No.:  26-cv-0957-AGS-BJW |
| Petitioner, | |
| v. | **ORDER REQUIRING RETURN** |
| Kristi NOEM, et al., | |
| Respondents. | |

Petitioner Mohammad Chehrazi seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant an answer or return. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

In February 2025, Chehrazi, "a native and citizen of Iran," "attempted to enter the United States without authorization" and appears to have been detained since then. (ECF 1, at 3.) Almost a year later, on "1/13/2026," an immigration judge "denied his application for relief and ordered him removed from the United States to Iran." (*Id.*) But Chehrazi "appealed the removal order, and his appeal is currently pending before the Board of Immigration Appeals." (*Id.*) He now asserts that his continued detention "violates the Due Process Clause." (*Id.*)

1

This challenge warrants an answer. Some courts have concluded that prolonged detention can violate due process even for those subject to mandatory detention under 8 U.S.C. § 1225(b). *See, e.g.*, *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). So, by **February 23, 2026**, the government must answer. Any reply by the petitioner is due **February 27, 2026**, and the Court will hold a hearing on **March 3, 2026, at 1:00 p.m.**

Dated:  February 17, 2026

Hon. Andrew G. Schopler
United States District Judge

26-cv-0957-AGS-BJW